PETER C. ANDERSON, UNITED STATES TRUSTEE
JILL M. STURTEVANT, ASSISTANT UNITED STATES TRUSTEE
ALVIN MAR, TRIAL ATTORNEY SBN 151482
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017-3560
(213) 894-4219  Facsimile: (213) 894-2603
Email: alvin.mar@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| In re<br><br>**LG BOLLINGER LLC,**<br><br>Debtor(s). | **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b)(1) TO CONVERT, DISMISS OR APPOINT A CHAPTER 11 TRUSTEE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND FOR JUDGMENT THEREON; DECLARATION OF LEGAL ASSISTANT**<br><br>CHAPTER 11<br><br>CASE NUMBER **2:17-bk-21049 WB** |
|---|---|

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on the following date and time in the indicated courtroom, the United States Trustee will move, and does hereby move the Court for an order either converting the above entitled chapter 11 case to chapter 7 or dismissing the case, for payment of quarterly fees, for judgment thereon and for such other relief as may be appropriate on the grounds set forth below.

**Hearing Date: 10/12/2017**    **Time: 10:00 AM**    **Courtroom: 1375**

**Location: 255 E. Temple Street, Los Angeles, California 90012**

Local Bankruptcy Rule 9013-1(f) requires that any opposition or response to this motion be stated in writing, filed with the Clerk of the Court and served upon the United States Trustee at the address set forth in the upper left-hand corner of this document, upon the chapter 11 trustee and his or her attorney if a trustee has been appointed, and upon the debtor and the debtor's attorney no less than fourteen (14) days prior to the above hearing date. The court may treat failure to file a written response to this motion within the required time period as consent to the motion.

**FILING INFORMATION**
[X] A voluntary petition under chapter 11 was filed on: **09/08/2017**

**FACTS**
1.    [X]    To date, no Disclosure Statement or Plan of Reorganization has been filed or submitted by the Debtor(s).

| In Re: **LG BOLLINGER LLC** | CHAPTER 11 |
|---|---|
| Debtor(s) | CASE NUMBER    2:17-bk-21049 WB |

2. The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides Effective September 1, 2011 (Notices and Guides), Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:[1]

[X] Notice of Setting/Increasing Insider Compensation.
[X] Application to Employ Attorney.
[X] Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements For Chapter 11 Debtors In Possession ("Chapter 11 Compliance declaration").
[X] Real Property Questionnaire(s).
[X] Sufficient evidence of closing of all pre-petition bank accounts including:
   [X] Closing bank statements; and/or
   [X] Bank Account Information in the Chapter 11 Compliance declaration.
[X] Sufficient evidence of the opening and maintenance of three debtor-in-possession bank accounts (general, payroll and tax)[2] including: (1) a copy of the "debtor-in-possession" check for each account.
[X] Sufficient evidence of current insurance coverage including:
   [X] The declaration page for each policy; and/or
   [X] Insurance information in the Chapter 11 Compliance declaration.
[X] Proof of required certificates and/or applicable licenses in the Chapter 11 Compliance declaration.
[X] A list of insiders as defined at 11 U.S.C. § 101(31) in the Chapter 11 Compliance declaration.
[X] Financial Statement information in the Chapter 11 Compliance declaration.
[X] A projected cash flow statement for the first ninety (90) days of operation under chapter 11.
[X] A conformed copy(ies) of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.
[X] A Statement of Major Issues and Timetable Report.
[X] Provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.
[X] An Employee Benefit Plan Questionnaire

3. [X] Additional facts in support of the motion include:

**See Declaration of Legal Assistant, Maria A. Ramos, attached hereto.**

---

[1] The United States Trustee respectfully requests that the Court take judicial notice of Debtor's petition, schedules, statement of financial affairs and other documents filed therewith and any amendments thereto which are in the Court's filed, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

[2] Unless Debtor has requested in writing that the United States Trustee waive one or more of the required accounts and the United States Trustee has granted the request in writing.

| In Re:  **LG BOLLINGER LLC** | Debtor(s) | CHAPTER 11 |
|---|---|---|
| | | CASE NUMBER   2:17-bk-21049 WB |

## MEMORANDUM OF POINTS AND AUTHORITIES

- Except as provided in paragraph (2) and subsection ( C ), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."11 U.S.C. § 1112(b)(1).

- "For the purposes of this subsection, the term "cause" includes- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; ( C ) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any); (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; (K) failure to pay any fees or charges required under chapter 123 of title 28; (L) revocation of an order of confirmation under section 1144 of this title; (M) inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan; (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." *11 U.S.C. § 1112(b)(4)*.

- "In a small business case . . . (2) the plan and disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief". *11 U.S.C. § 1121(e)(2)*.

- Local Bankruptcy Rule 2015-2(b) provides that timely compliance with the reasonable requirements of the Office of the United States Trustee is mandatory.

- Failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss a chapter 11 case or convert it to one under chapter 7 (11 U.S.C. § 1112(b)(1) and (b)(4)), [*In re 3868-70 White Plains Road Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco,* 5 B.R. 466 (Bank. D. Mass.1980); *In re Pappas,* 17 B.R. 662 (Bankr. D. Mass. 1982)].

- The court may convert or dismiss a case where no reasonable possibility of effective reorganization exists, the debtor is unable to effectuate a plan and/or for unreasonable delay which prejudices the rights of creditors. *See, e.g., In re Johnston*, 149 Bankr 158, 161 (9th Cir. BAP 1992).

- The court may prohibit the debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case. 11 U.S.C. §§ 105, 109(g) and 349(a).

- The United States Trustee Notices and Guides provide that payment of quarterly fees is due upon dismissal of the case. The United States Trustee requests that the court order payment as requested herein and enter a judgment pursuant to Bankruptcy Rules 9014 and 7052 if the case is dismissed.

| In Re: LG BOLLINGER LLC | Debtor(s) | CHAPTER 11 |
|---|---|---|
| | | CASE NUMBER  2:17-bk-21049 WB |

**Based on the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows.**

1. That the Court grant the United States Trustee's motion per §1112(b)(1) and either dismiss this case, convert it to one under chapter 7 or appoint a Chapter 11 trustee if in the best interest of creditors. Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of several court actions will best serve the estate's creditors. It must:

   > "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate."
   > *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

2. In further support of the Court's consideration of whether conversion or dismissal is in the best interests of the estate's creditors, and from the perspective of the estate's creditors, whether there exist any unusual circumstances militating against both conversion and dismissal, the U.S. Trustee submits that there are no such unusual circumstances. Based on the United States Trustee's review of the record and evidence, the United States Trustee suggests:

   ☒ dismissal is more appropriate in Debtor's case than conversion.

   Debtor's case was recently filed on September 8, 2017. The pending motion reflects Debtor's failure to fully comply with the United States Trustee's reporting requirements. Based on the review of Debtor's filed Schedules, there are no unsecured creditors of any kind; as a result a conversion of Debtor's case would benefit no unsecured creditors.

3. If the case is converted to one under chapter 7, that the Court enter an order requiring debtor's counsel to file a fee application under Bankruptcy Code § 330 within thirty (30) days.

4. If the case is dismissed, and the Court finds cause, that the court enter an order prohibiting the debtor from filing another bankruptcy petition for a period of 180 days after the date of entry of the order of dismissal.

5. If the case is dismissed, that the Court order the debtor to pay any quarterly fees due to the United States Trustee forthwith and enter a judgment in favor of the United States Trustee for any unpaid quarterly fees.

6. In the alternative, that the Court set dates certain for the debtor to file a disclosure statement and plan, to obtain court approval of the adequacy of information in the disclosure statement, and to obtain court confirmation of a plan of reorganization ("dates certain") and that this court order that the debtor remain in full and timely compliance with the United States Trustee requirements.

6. If the court sets date(s) certain and/or orders that the debtor remain in full and timely compliance with the United States Trustee requirements, that the court further order that if the debtor fails to comply with any date set or to remain in full and timely compliance, that this case may be converted or dismissed without further hearing, upon application of the United States Trustee to the court, served upon debtor and debtor's counsel.

| In Re: LG BOLLINGER LLC | | CHAPTER 11 |
| --- | --- | --- |
| | Debtor(s) | CASE NUMBER  2:17-bk-21049 WB |

7. That the court order such other and further relief as may be appropriate in the circumstances.

Date: September 18, 2017

PETER C. ANDERSON
UNITED STATES TRUSTEE

By _/s/ Alvin Mar_
Alvin Mar
Attorney for United States Trustee

# DECLARATION OF LEGAL ASSISTANT

# DECLARATION OF LEGAL ASSISTANT

| In Re:  **LG BOLLINGER LLC** | CHAPTER 11 |
|---|---|
| Debtor(s) | CASE NUMBER  2:17-bk-21049 WB |

# DECLARATION OF LEGAL ASSISTANT

I am over the age of eighteen years and am not a party to this case. If called upon to testify I could and would do so competently. I am employed as a Legal Assistant by the Office of the United States Trustee for the Central District of California, in the Los Angeles Field Office. I am the Legal Assistant **assigned** to LG BOLLINGER LLC, Case No. 2:17-bk-21049 WB. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

1. I am familiar with the procedures of the United States Trustee for maintaining paper and electronic submissions by debtors of the requirements of the United States Trustee for Chapter 11 debtors. These procedures include the routine maintenance of paper and electronic submissions by debtors in electronic files that are maintained for each Chapter 11 case in order for the United States Trustee to discharge his statutory duties. I have reviewed the files and electronic records of the United States Trustee for his case and have included the results of my review in this declaration.

2. [X] To date, no Disclosure Statement or Plan of Reorganization has been filed or submitted by the Debtor(s).

3. [X] The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides, Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:

    [X] Notice of Setting/Increasing Insider Compensation.
    [X] Application to Employ Attorney.
    [X] Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements For Chapter 11 Debtors In Possession ("Chapter 11 Compliance declaration").
    [X] Real Property Questionnaire(s).
    [X] Sufficient evidence of closing of all pre-petition bank accounts including:
       [X] Closing bank statements; and/or
       [X] Bank Account Information in the Chapter 11 Compliance declaration.
    [X] Sufficient evidence of the opening and maintenance of three debtor-in-possession bank accounts (general, payroll and tax)[3] including: (1) a copy of the "debtor-in-possession" check for each account.
    [X] Sufficient evidence of current insurance coverage including:
       [X] The declaration page for each policy; and/or
       [X] Insurance information in the Chapter 11 Compliance declaration.
    [X] Proof of required certificates and/or applicable licenses in the Chapter 11 Compliance declaration.
    [X] A list of insiders as defined at 11 U.S.C. § 101(31) in the Chapter 11 Compliance declaration.
    [X] Financial Statement information in the Chapter 11 Compliance declaration.
    [X] A projected cash flow statement for the first ninety (90) days of operation under chapter 11.
    [X] A conformed copy(ies) of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.
    [X] A Statement of Major Issues and Timetable Report.
    [X] Provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

---

[3] Unless Debtor has requested in writing that the United States Trustee waive one or more of the required accounts and the United States Trustee has granted the request in writing.

Page 6

| In Re: **LG BOLLINGER LLC** | | CHAPTER 11 |
| --- | --- | --- |
| | Debtor(s) | CASE NUMBER    **2:17-bk-21049 WB** |

[X]  An Employee Benefit Plan Questionnaire

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the following date at Los Angeles, California.

Date:  September 18, 2017

 

Maria A. Ramos
Legal Assistant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**915 Wilshire Boulevard, Ste 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. §1112(b)(1) TO CONVERT, DISMISS OR APPOINT A CHAPTER 11 TRUSTEE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND FOR JUDGMENT THEREON; DECLARATION OF LEGAL ASSISTANT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/18/2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On 09/18/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 09/18/2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/18/2017 | Helen Cruz | *(signature)* |
|---|---|---|
| Date | Print Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                       **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| Name | Capacity | Email Address |
|---|---|---|
| United States Trustee | United States Trustee | ustpregion16.la.ecf@usdoj.gov |
| Alvin Mar | Atty for U.S. Trustee | alvin.mar@usdoj.gov |
| Todd B. Becker | On behalf of Debtor | brief@beckerlawgroup.com |

*SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2. **SERVED BY U.S. MAIL**

   Debtor:

   LG Bollinger LLC
   2316 N. Wahsatch Avenue
   Suite 631
   Colorado Springs, CO  80907

3. **SERVED BY (state method for each person served):**

   **BY OVERNIGHT DELIVERY**

   Judge's Copy
   The Honorable Julia W. Brand
   U.S. Bankruptcy Court
   255 E. Temple Street
   9TH Floor – Judge's Bin
   Los Angeles, CA  90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

FROM:     **OFFICE OF THE UNITED STATES TRUSTEE**

DATE:     **Sept 18, 2017**

TO:       **BANS - BANKRUPTCY NOTICING CENTER**

SUBJECT: NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. §1112(b)

**PART I**

Please notice the subject motion for the following Chapter 11 case:

CASE NUMBER:    **2:17-bk-21049-WB**

CASE NAME:      **LG Bollinger LLC**

DATE PETITION FILED: 08/20/2017    HEARING DATE:   10/05/2017

TIME: **10:00 A.M.**

COURTROOM: "1375" 255 East Temple Street, Los Angeles


CONTACT AT U.S. TRUSTEE'S OFFICE: **Alvin Mar**
                                  **Trial Attorney**

   For Conversion or Dismissal Only

Does the conversion or dismissal involve a joint petition wherein one party (husband or wife) has been converted or dismissed?
           { } Yes              {x} No
If yes, explain:

PREPARED BY: Helen Cruz

---

**PART II**    (To be completed by BANS)
Data Entry Operator_____ Date Entered

Comments: